IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

LQC PARTNERS VI, LLC,          *

    Plaintiff,              *

vs.                            *

SENIOR LIVING PROPERTIES VII,  *      CASE NO. 4:25-cv-67 (CDL)
LLC, SLM SERVICES, LLC, DENNIS
WAGNER, URI RUBIN, CHUAN WANG, *
and ANDREW HSU,
                               *
    Defendants.
                               *

_____

O R D E R

Before the Court is Plaintiff's Motion to Extend the Service Deadline and Permit Service by Alternative Means on Defendant Andrew Hsu. For the following reasons, that motion (ECF No. 32) is granted.

On February 21, 2025, Plaintiff filed its complaint against Defendant Senior Living Properties VII, LLC alleging that it defaulted on a Lease Agreement. Plaintiff's complaint also asserted claims against several Guarantors of the Lease, including Andrew Hsu, a California resident. At the time of filing the instant motion, Plaintiff has effectuated service of process on all Defendants except Hsu.

The Guaranty executed by Hsu lists a townhome located at 139 East Italia Street, Covina, CA 91723 as Hsu's notice address.

Pl.'s Mot. to Extend Service Deadline and Permit Service by
Alternative Means Ex. A, Lease Guaranty, ECF No. 32-1 at 8-9.  The
Guaranty also lists an email address, ahsu921@yahoo.com, by which
notices may also be delivered (if accompanied by a hard copy).
*Id.* Plaintiff avers it never received any notice from Hsu updating
either of these addresses.  Plaintiff submitted evidence that Hsu
remains the owner of the property at Italia Street.[1]  Plaintiff
also submitted evidence that Hsu owns a residence in a gated
community at 3045 Madero Court, West Covina, CA 91791.[2]

After filing the Complaint, Plaintiff retained the services
of a private process server, who attempted to serve Hsu a total of
thirteen times: ten times at the Madero Court address and three
times at the Italia Street address.  Each of these attempts was
unsuccessful.  Declarations of the process server's field agents
reflect that, during several service attempts at Madero Court,

---

[1] Plaintiff submitted a copy of the deed for the Italia Street property
which reflects that Hsu and his wife transferred title to the "H[su]
C[haritable] R[emainder] U[nitrust]."  Pl.'s Mot. to Extend Service
Deadline and Permit Service by Alternative Means Ex. B, Italia Street
Deed 2-3, ECF No. 32-2.  This transfer occurred before Hsu executed the
Guaranty.

[2] Plaintiff submitted a copy of the deed for Madero Court, which lists
the title to that property as being held by Hsu and his wife as "Trustees
of H[su] F[amily] T[rust]."  Pl.'s Mot. to Extend Service Deadline and
Permit Service by Alternative Means Ex. C, Madero Court Deed 2-3, ECF
No. 32-3.  Plaintiff also asserts that its search of public records
revealed that Madero Court is associated with Hsu's social security
number, bank account header records, phone records, credit reporting
records, real property deeds, and tax assessor records.  Finally,
Plaintiff states that the Madero Court address was listed as Hsu's
residence on tax returns that he shared with Plaintiff as part of
financial disclosures required under the Guaranty.

agents heard noise or saw lights inside the home with one agent reporting that someone in the home was "being evasive." Pl.'s Mot. to Extend Service Deadline and Permit Service by Alternative Means Ex. D., Process Server Declarations, ECF No. 32-4 at 1. Plaintiff also attempted to effectuate voluntary service on Hsu via email using the email address provided by Hsu in the Guaranty but no response was received. Pl.'s Mot. to Extend Service Deadline and Permit Service by Alternative Means Ex. E, April 9, 2025 Email 1, ECF No. 32-5. Finally, Plaintiff states that Hsu failed to respond to any emails with Plaintiff's counsel related to this Court's Rule 16/26 Order or to any pre-litigation notices sent to either address provided in the Guaranty.

Plaintiff now requests that the Court extend the service deadline and permit service on Hsu by alternative means pursuant to Federal Rule of Civil Procedure 4(e)(1) and Cal. Civ. Proc. Code § 413.30. Specifically, Plaintiff seeks to serve Hsu via U.S. mail at both the Italia Street and Maduro Court addresses and by email to ahsu921@yahoo.com.

Federal Rule of Civil Procedure 4(e)(1) provides that service may be effected by any means permitted by the law of the state in which the case is pending, or of the state where service is to be made. Additionally, due process requires that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them

an opportunity to present their objections." *Mullane v. Cent.*
*Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Cal. Civ. Proc. Code § 413.30 provides that "the court in
which the action is pending may direct that summons be served in
a manner which is reasonably calculated to give actual notice to
the party to be served and that proof of such service be made as
prescribed by the court." The Court is convinced that Plaintiff's
thirteen prior attempts at service at two separate addresses, in
addition to its numerous efforts to contact Hsu via email,
constitute reasonable diligence on Plaintiff's part such that it
may now seek to serve Hsu through alternative means under Cal.
Civ. Proc. Code § 413.30. *See, e.g.*, *Bein v. Brechtel-Jochim Grp.,*
*Inc.*, 6 Cal. App. 4th 1387, 1391-92, 8 Cal. Rptr. 2d 351 (1992)
(quoting *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392, 245 Cal.
Rptr. 596 (1988)) ("[T]wo or three attempts at personal service at
a proper place should fully satisfy the requirement of reasonable
diligence and allow substituted service to be made.").

Further, given that Hsu himself listed the Italia Street
address and the ahsu921@yahoo.com email address as his notice
addresses under the Guaranty, in addition to the evidence Plaintiff
submitted regarding Hsu's residence at the Maduro Court address,
the Court finds that it is reasonably calculable that Hsu will
receive actual notice and be apprised of this action if service is
executed via mail to each of those addresses as Plaintiff proposes.

4

Accordingly, the Court grants Plaintiff's Motion (ECF No. 32) as follows: The deadline for service on Hsu is extended for 30 days from today's Order, until June 22, 2025, and Plaintiff shall accordingly file proof of service by that date. Plaintiff shall complete service on Hsu by the alternative means of U.S. Mail to the Italia Street and Maduro Court addresses and email to the email address ahsu921@yahoo.com. In addition to the Summons and Complaint, this Order should also be served on Hsu so that he will be informed that the Court has permitted this alternative service.

IT IS SO ORDERED, this 23rd day of May, 2025.

S/Clay D. Land
---
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA