UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| LQC PARTNERS VI, LLC, | )<br>)<br>) |
| Plaintiff and Counterclaim-Defendant | )<br>)<br>) Case No. 4:25-cv-00067-CDL |
| v. | )<br>) |
| SENIOR LIVING PROPERTIES VII, LLC,<br>SLM SERVICES, LLC, URI RUBIN,<br>CHUAN WANG, | )<br>)<br>)<br>) |
| Defendants, | )<br>) |
| And | )<br>) |
| DENNIS WAGNER, and ANDREW HSU | )<br>) |
| Defendants/Counterclaim-Plaintiffs. | )<br>)<br>) |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The Parties, having agreed to the entry of a protective order for the purpose of protecting the confidentiality of information or records which Plaintiff or Defendants contend is/are confidential business or personal information pursuant to Fed. R. Civ. P. 26, and, for other good cause shown, it is hereby agreed to by the Parties and **ORDERED** that the following terms shall be adhered to by the parties in this matter:

1. This Order shall apply to all information produced during discovery in this action, by either a party to this action or by a non-party, that shall be designated by the party, non-party, or person producing it as "Confidential," as that term is defined in Paragraph 2 of this Order. This

Order shall not apply to information that was public knowledge prior to disclosure, or that following disclosure becomes public knowledge, unless: (a) the information is compiled in such a way that is not publicly available, or (b) such information became public (whether prior to or following disclosure) by an unauthorized or unlawful act or omission of a party. This Order shall also not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, unless such information was acquired subject to a confidentiality designation under this Order.

2. "Confidential" information is information, documents, or electronically stored data that contains confidential, proprietary, and sensitive personal information (including forensic images of such electronically stored data) and that is designated in writing by the producing party or by another party or as otherwise permitted by this Order as "Confidential" and that is of a confidential, personal, financial, proprietary, or commercially sensitive nature (hereinafter "Confidential Information"). If a document or transcript contains information considered "Confidential" by a producing party, in order to designate a document or transcript as "Confidential," the producing party shall mark or cause to be marked such document or transcript with the legend "CONFIDENTIAL." To the extent feasible, such notation shall be placed on every page of each document so designated, but for electronic files produced only in native format the files may be otherwise designated in writing as "Confidential."

3. Confidential Information may not be disclosed to anyone except as provided in this Order.

4. Information disclosed at a deposition or other testimony may be designated as "Confidential" at the time of the testimony or deposition by making such designations on the record. Additionally, a party may designate testimony as "Confidential" after a deposition, by

notifying the other party in writing within ten (10) business days after receipt of the final transcript of the specific pages and line numbers of the transcript that should be so designated. Unless the parties otherwise agree on the record of the deposition, all transcripts and testimony shall be treated as "Confidential" from the date of the deposition until a period of ten (10) business days after receipt of the final transcript to allow the parties time to designate additional testimony as "Confidential" in accordance with this Paragraph.

5. If a party plans to use information designated as "Confidential" in conjunction with a motion, hearing, or trial, the party seeking to use such information shall notify the party who designated the material as protected that the it plans to use the material to support a public filing or hearing within fourteen (14) days before the motion, opposition, hearing, or pretrial conference. The designating party shall have seven (7) days after receiving the notice to object to public disclosure and file a motion to seal the materials.

6. Although any motion to seal must be filed on the public docket, any briefs in support of or opposition to the motion to seal, along with exhibits thereto, may be filed with restricted access so they are accessible only by the Court and the opposing party; the parties must contemporaneously file redacted versions of the briefs on the public docket. Before the court has an opportunity to rule on the whether a filing that contains protected material should be permitted to file under seal, the party filing the document that includes the protected material shall file their motion/filing with restricted access only by the Court and the opposing party shall simultaneously file a redacted copy of the material. If a motion to seal is denied, the Court will direct the clerk to un-restrict the restricted filing.

7. Material designated as "Confidential" that has been obtained during the course of this proceeding may be disclosed, summarized, described, characterized, or otherwise

communicated or made available in whole or in part only to the following persons, subject to the provisions of this Order:

    a.    The producing party;

    b.    The Parties, limited to: (a) the individual Defendants Andrew Hsu, Chuan Wang, Dennis Wagner and Uri Rubin; (b) employees of Plaintiff LQC Partners VI, LLC who are actively assisting with this litigation or who authored or previously received the Confidential Information; and (c) employees of Defendants Senior Living Management VII, LLC and/or SLM Services, LLC who are actively assisting with this litigation or who authored or previously received the Confidential Information;

    c.    The Parties' litigation counsel of record in this litigation and the staff or employees of such counsel who are assisting in the litigation;

    d.    Any expert witness who is retained by a Party to assist in this litigation and his/her employees and/or staff, provided that: (a) the disclosure is only to the extent necessary to perform such work; and (b) all such persons have signed the undertaking attached hereto as Exhibit A;

    e.    Court reporters, stenographers, and videographers retained to record testimony taken in this litigation;

    f.    The Court and court personnel;

    g.    Mediators retained by the Parties for settlement purposes or resolution of disputes, including their staff, provided such person has signed the undertaking attached hereto as Exhibit A;

    h.        Persons or entities retained to provide litigation support services to a Party, such as commercial copying vendors, data processing vendors, and/or database service providers, graphics, translation, design, or trial consulting services (including mock jurors);

    i.         A deponent during a deposition in this litigation. Counsel for any producing party shall have the right to exclude from oral depositions any person who is not authorized by this Order to receive Confidential Information other than the deponent. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Confidential Information;

    j.        Any witness at trial;

    k.       Any person who authored or previously received the Confidential Information; and

    l.        Any other person by order of the Court or with the prior written consent of the producing party.

Persons receiving material designated as "Confidential" (or receiving a summary, description, characterization, or other communication of material designated as "Confidential") shall hold such information received from the disclosing party in confidence, shall not use it for any business or other commercial purpose, and shall not disclose it to any person or entity except as provided in this Paragraph 7. In the event a person receiving material designated as "Confidential" in this action seeks to use such material in another lawsuit, the person receiving such material shall: (a) continue to maintain the confidential nature of such material or information in accordance with this Protective Order; (b) if filing such information with the Court in such other action, do so only if under seal or *in camera*, in accordance with the particular rules and procedures of that court, in a manner that will not destroy the confidentiality of such information; and (c)

notify the party that designated the material as "Confidential" in this action prior to use in such other action.

8. Notwithstanding anything to the contrary herein, any Confidential Information may be used in any deposition taken of the producing party or its employees or experts, or may be used in any other deposition, subject to the condition that when such Confidential Information is so used, the party who made the designation may notify the reporter that the portion of the deposition involving such Confidential Information is being taken pursuant to this Order. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such Confidential Information pursuant to the terms of this Order other than the deponent. Any person who is provided any such Confidential Information at a deposition shall not retain copies or content of such materials in any form.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party or producing party of any information as "Confidential," the party objecting shall first try to resolve such disagreement with the producing party in good faith on an informal basis, such as by production of redacted copies. If the disagreement cannot be resolved on an informal basis, the objecting party may move the Court for an Order modifying the designated status of such information. The burden is on the designating party to show that the challenged material is "Confidential" as defined in Paragraph 2 hereof. In the event of any dispute as to the propriety of a redaction, the party objecting to the redaction shall submit the issue to the Court for resolution.

10. Notwithstanding anything to the contrary herein, if a party through inadvertence or mistake produces any Confidential Information without marking it with the legend "Confidential" the producing party may give written notice to the receiving party that the document, information, or testimony contains Confidential Information and/or that the document, information or testimony should be treated as Confidential Information in accordance with the provisions of this Order. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked or incorrectly marked materials and not retain copies thereof, and must treat such documents, information, or transcripts as Confidential Information, and shall cooperate in restoring the confidentiality of such Confidential Information. The receiving party shall not be responsible for the disclosure or other distribution of belatedly-labeled or incorrectly labeled Confidential Information as to such disclosure or distribution that occurred prior to the receipt of such notification of a claim of confidentiality, and any such disclosure or distribution shall not be deemed to be a waiver or a violation of this Order.

11. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies of that document shall be destroyed. The party returning such information may move the Court for an Order compelling production of such information upon a good faith basis for challenging the privilege or protection but may not assert, as a basis for compelling production, waiver based on its inadvertent production in the first instance, so long as the producing party promptly notified the compelling party upon discovery of the error.

12. It is not the intention of this Order to fully address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, nor to preclude any party, including the producing party, from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

13. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information. The fact that Information is designated "Confidential" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

    a. whether any particular document, information, or transcript is or is not Confidential Information;

    b. whether any particular document, information, or transcript is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

    c. whether any particular document, information, or transcript is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

14. Any non-party to this action may designate information requested via third party discovery requests or subpoena as "Confidential" and such Confidential Information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Order.

15. Within thirty (30) days following the conclusion of this litigation, all information designated as Confidential Information, all copies of Confidential Information and/or any content

of such material, in whole or in part, including any content within any notes made by such person of Confidential Information, shall be returned by all those receiving it pursuant to this Order to the producing party, or destroyed, except counsel of record in this action may maintain such documents or information provided they continue to be abide by the terms of this Order.

16. The restrictions provided for above shall not terminate upon the conclusion of this lawsuit but shall continue until further Order of this Court. This Confidentiality Agreement and Protective Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

17. Nothing in this Order limits or restricts a producing party's right to use or disclose information which it produced, and which is proprietary to it.

**SO ORDERED, this 25th day of July, 2025.**

/s/Clay D. Land
Clay D. Land
United States District Court Judge

**Signed to and Agreed by this 23rd day of July, 2025:**

*/s/ Thomas F. Gristina*
Thomas F Gristina
PAGE, SCRANTOM, SPROUSE, TUCKER, &
FORD, P.C.
1111 Bay Avenue, Third Floor
Post Office Box 1199
Columbus, GA 31902
T: (706) 324-0251
tgrastina@pagescrantom.com

*/s/ Thomas C. Gleason*
Thomas C. Gleason (admitted pro hac vice)

FROST BROWN TODD LLP
400 W. Market St., Suite 3200
Louisville, KY 40202
T: (502) 589-5400
tgleason@fbtlaw.com
*Counsel for Plaintiff LQC Partners VI, LLC*


/s/ *John T. McGoldrick, Jr. (with permission)*
John T. McGoldrick, Jr.
William H. Larson
MARTIN SNOW, LLP
P.O. Box 1606
Macon, GA 31202-1606
T: (478) 749-1700
jtmcgoldrick@martinsnow.com
whlarson@martinsnow.com
*Counsel for Defendant Dennis Wagner*


/s/ *David N. Stern (with permission)*
David N. Stern
BARRON & NEWBURGER, P.C.
7320 N Mopac Expressway, Suite 400
Austin, TX 78731
T: (512) 476-9103
dstern@bn-lawyers.com
*Counsel for Defendant Uri Rubin*


/s/ *Jordyn L. Simon (with permission)*
Chesley S. McLeod
Jordyn L. Simon
Arnall Golden Gregory LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
T: (404) 873-8502
chesley.mcleod@agg.com
jordyn.simon@agg.com

*Counsel for Defendants Senior Living Properties VII, LLC and SLM Services, LLC*

  */s/ Thomas M. Barton (with permission)*
Thomas M. Barton
Georgia Bar Number 040821
Aaron P.M. Tady
Georgia Bar Number 696273
HUFF, POWELL & BAILEY, LLC
150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
tbarton@huffpowellbailey.com
atady@huffpowellbailey.com
*Counsel for Defendant Andrew Hsu*


Cc:

Chuan Wang
3532 NE 31St Avenue
Lighthouse Point, FL 33064
jonathancswang@icloud.com

**EXHIBIT A**
**AGREEMENT OF CONFIDENTIALITY**

I acknowledge that information is to be made available to me that has been designated as proprietary or confidential, and that such information is provided to me solely for the purposes of assisting counsel of record or giving testimony in the case styled: *LQC Partners VI, LLC v. Senior Living Properties VII, LLC, SLM Services, LLC, Dennis Wagner, Uri Rubin, Chuan Wang, Andrew Hsu*, Case No. 4:25-cv-00067-CDL.

I understand that I am prohibited by a Court Order from using such information for any other purpose and from disseminating such information to any individual who is not equally bound with respect to the use of the information.

I understand that any documents or other things that I receive, which are designated as confidential information, are to remain in my personal custody until such information is no longer needed for the prosecution or defense of this case. I shall destroy all such documents or things (and confirm such destruction to the counsel who provided them) or return them to the counsel who provided me with them. I have read the Confidentiality Agreement and Protective Order entered by the Court and agree to be bound by its terms to the extent applicable.

I understand that any violation of confidentiality under this Agreement may be punishable as contempt of court.

Dated this _____ day of _____, 2025.

_____
Print Name

_____
Signature